# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2009

No. 08-50731
Summary Calendar

Charles R. Fulbruge III
Clerk

REVEREND ROBERT HENRY

Plaintiff-Appellant

v.

CITY OF TAYLOR, TEXAS; OFFICER JOHN DOE; JANE DOE

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-1007

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Reverend Robert Henry appeals the district court's grant of summary judgment in favor of Defendant-Appellee City of Taylor, Texas, on his municipal liability claim under 42 U.S.C. § 1983. Plaintiff's suit arises out of the actions of a housing code enforcement officer who misidentified Plaintiff as the owner of a property that allegedly violated a housing ordinance and then sent a notice of abatement to Plaintiff to the wrong address. When

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff did not appear for the scheduled hearing, arrest warrants were issued and Plaintiff was later arrested. All charges were eventually dismissed. Reviewing the judgment *de novo*, *see Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003), and for the reasons that follow, we affirm.

1. "Under 42 U.S.C. § 1983, a municipality cannot be held vicariously liable for the constitutional torts of its employees or agents." *Gros v. City of Grand Prairie*, 181 F.3d 613, 615 (5th Cir. 1999). For liability to attach, three elements must be proved: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Plaintiff thus bore the burden of substantiating either a formal policy officially adopted and promulgated by city policymakers, or a well-settled and common practice by city officials or employees of which the city or its policymakers were actually or constructively aware. *See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc).

2. Plaintiff in his brief wholly fails to allege, let alone substantiate the existence of, a custom or policy of which the City, through a specific policymaker, knew or should have known. This is so even though the district court found that the absence of such proof warranted summary judgment in favor of the City. By failing to dispute the district court's adverse finding on an essential element of his action under § 1983, Plaintiff has necessarily waived his challenge to the district court's judgment in favor of the City. *See R.R. Mgmt. Co., L.L.C. v. CFS La. Midstream Co.*, 428 F.3d 214, 220 n.3 (5th Cir. 2005) (holding that failure to challenge the district court's alternative basis for a ruling waived the challenge asserted); *see also United States v. Hatchett*, 245 F.3d 625, 644–45 (7th Cir. 2001) (failing to address one of two or more alternative holdings on an issue waives claims of error with respect to that issue).

3.  Plaintiff also asserts for the first time on appeal that the City did not properly train the code enforcement officer and municipal court clerk who submitted the affidavits underlying the arrest warrants.  Although failure to train may give rise to § 1983 liability, *see City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197 (1989), we will not consider new allegations or legal theories not presented below, *see Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.